UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIOKI SNOWDEN, <br><br>         Petitioner, <br><br> UNKNOWN, Warden, <br><br>         Respondent. | NO. CV 23-6442-HDV (AGR) <br><br> **ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED** |

Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence. On the face of the Petition, it appears that the grounds for relief are untimely and unexhausted. The court orders Petitioner to show cause, in writing, on or before **March 8, 2024**, why the court should not recommend dismissal of the Petition.

## I.
## PROCEDURAL HISTORY

The Petition challenges a judgment in the Superior Court for the County of

Los Angeles in Case No. XNWLA074666. (Petition, Dkt. No. 1 at 2.)[1] On July 2, 2014, a jury found Petitioner guilty of kidnaping, robbery, forcible rape, and other offenses. On August 12, 2014, Petitioner was sentenced to an aggregate term of 84 years to life. (*See* www.lacourt.org/criminalcasesummary/ (Case No. XNWLA 074666).

On September 17, 2015, the California Court of Appeal stayed the sentence on Count 3 for the robbery conviction and otherwise affirmed the judgment with instructions that the sentence on Count 2 for kidnaping with intent to commit robbery is seven years to life with a one-year enhancement. *People v. Snowden*, 2015 Cal. App. Unpub. LEXIS 6650, *21 (2015). According to the online database, Petitioner did not file a petition for review or any state habeas petition before the California Supreme Court.

Petitioner constructively filed a Petition for Writ of Habeas Corpus in this court on May 7, 2023. (Petition, Dkt. No. 1 at 24.)[2] The Petition raises six nonsensical grounds: (1) the trial court lacks jurisdiction and has not proven its existence; (2) the trial court was not competent to try Petitioner, denied due process, and was not a constitutional court; (3) the trial court misrepresented Petitioner as a corporation rather than as a human being; (4) the trial court subjected Petitioner to "constitutional impermissible application of statutes" without proof that Petitioner's name was expressly mentioned in the statutes; (5) the trial court subjected Petitioner to double jeopardy in imposing both imprisonment and a monetary penalty; and (6) forced liability for surety bond. These grounds for relief are wholly unexhausted in that they have not been presented to the California Supreme Court.

---

[1] Because the Petition is not consecutively paginated, the court cites the page numbers assigned by CM/ECF in the header of the document.

[2] The Petition was mailed on August 3, 2023. (Petition, Dkt. No. 1 at 37.) The court gives Petitioner the benefit of the earlier date on the signature page.

## II.

## DISCUSSION

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to this action, contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). The statute of limitations applies to each claim on an individual basis. *See Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012).

#### 1. The Date on Which Conviction Became Final

Under 28 U.S.C. § 2244(d)(1)(A), the limitations period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review.

Petitioner was sentenced and judgment was entered no later than August 12, 2014. The California Court of Appeal affirmed the judgment on September 17, 2015. *People v. Snowden*, 2015 Cal. App. Unpub. LEXIS 6650, *21 (2015). Petitioner did not file a petition for review before the California Supreme Court. Therefore, his conviction became final 40 days later on October 27, 2015. *Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005).

The AEDPA statute of limitations period expired one year later on October 27, 2016. Petitioner constructively filed this Petition no earlier than May 7, 2023, over six years later. (Petition, Dkt. No. 1 at 24.) Absent a showing that the accrual date was delayed or the limitations period was tolled, the Petition is untimely.

#### 2. Delayed Accrual– § 2244(d)(1)(D)

Under § 2244(d)(1)(D), the limitations period starts running on "the date on

which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The "'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012).

The record does not contain any basis for delayed accrual on a date after Petitioner's conviction and sentence became final. The Petition remains untimely.

### 3. Statutory Tolling

Generally, the statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008). However, once the limitation period has expired, later-filed state habeas petitions do not toll the limitation period. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

According to the online California appellate database, Petitioner has not filed any state habeas petitions and is not entitled to statutory tolling. The Petition is untimely unless Petitioner can demonstrate that he is entitled to equitable tolling.

### 4. Equitable Tolling

A petitioner who files a federal habeas petition after expiration of the one-year statute of limitations may be entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. (citation omitted). The diligence required for equitable tolling is "'reasonable diligence'" and not maximum feasible diligence. *Id.* at 653 (citation omitted). The extraordinary circumstances must be the cause of the untimeliness. *Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061

4

(9th Cir. 2010). "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted).

The record does not disclose any basis for equitable tolling. Absent a basis for equitable tolling, the Petition remains untimely.

### III.
### ORDER

Therefore, the court orders Petitioner to show cause, on or before **March 8, 2024**, why the court should not recommend dismissal of the Petition for Writ of Habeas Corpus with prejudice as barred by the statute of limitations. If Petitioner does not respond to this Order to Show Cause, the court will recommend that the District Court dismiss the Petition with prejudice.

DATED: February 7, 2024

*alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge